[Civ. No. 11020.  First Appellate District, Division Two.—April 20, 1939.]

M. R. FONTES, Appellant, v. LITA C. MENKE et al., Respondents.

Frank J. Fontes for Appellant.

Rosendale, Scott & Thomas for Respondents.

STURTEVANT, J.—In an action to quiet title the trial court denied the plaintiff any relief and from the judgment he has appealed. From the first count contained in plaintiff's amended complaint, which he says states the facts, we gather the following:

Emma M. Fontes died testate on October 14, 1933. She left her surviving this plaintiff, her husband. They were married May 6, 1919. In June, 1932, they separated. At all times down to the date last mentioned a confidential relationship existed between them. On November 2, 1920, Mrs. Fontes purchased the land in suit which consists of a lot in the city of Salinas, Monterey County. She paid $1,000 for it out of her separate funds. In February, 1922, she informed the plaintiff that her mother, Emma C. Menke, would advance the moneys to pay the cost of labor and materials to build a dwelling house and also a garage for the plaintiff and his wife. About the 6th day of March, 1922, plaintiff, in reliance upon the promises and representations of his wife, entered into an oral agreement with his wife to accept the offer of Mrs. Menke to erect a dwelling house and garage on said vacant lot with funds to be supplied by her, that the record title to said vacant lot should remain in the name of plaintiff's wife, subject, however, to the agreement between plaintiff and his wife that if Mrs. Menke demanded payment of the moneys advanced to construct said dwelling house and garage, and if plaintiff and his wife were not possessed of sufficient moneys to pay the same, that said parties would offer to convey said premises to Mrs. Menke and, in that event plaintiff's wife agreed to execute a conveyance of said real property, together with the improvements thereon, to Mrs. Menke in payment of the moneys so advanced; that, in the event Mrs. Menke refused to accept a conveyance of said premises in payment of said moneys advanced as aforesaid, plaintiff and his wife would offer said premises for sale and in the event of sale the said plaintiff's wife would execute a conveyance to the purchaser and

the proceeds would be used in reimbursing Mrs. Menke and it is further agreed that said lot and improvements should become from the time of acquisition, the community property of the said parties, subject, however, to the contingencies aforesaid and to the further contingency that if plaintiff was not compelled to reimburse Mrs. Menke or to pay for the cost of constructing said dwelling house and garage out of his separate funds, and was discharged from all obligations in connection therewith, then in such event plaintiff would have no interest in said premises; but if, on the other hand, plaintiff was compelled to discharge said obligation, said contingencies and trust conditions would terminate and plaintiff's right and interest in said premises would become absolute. Said agreement was induced solely in reliance upon the said promises and representations of plaintiff's wife and plaintiff believed and relied upon said promises and representations, and accepted the said offer of Mrs. Menke and entered into an agreement for the erection of said dwelling house and caused said dwelling house and garage to be erected upon the said vacant lot and, but for the representations, plaintiff would not have entered into said agreement or incurred any obligation in connection with the cost of erecting said dwelling house and garage; that plaintiff believed and relied upon said promises and representations of his wife because of the confidential relationship of husband and wife existing between said parties. The moneys loaned by Mrs. Menke amounted to $4,300. The loan was evidenced by a note dated July 1, 1922, which was renewed from time to time and the last note was dated January 1, 1931, was payable one year after date, and was also written for the sum of $4,300. Mr. and Mrs. Fontes never offered to transfer the property to Mrs. Menke, nor did they attempt to sell the property, because Mrs. Menke consented to extend the time to pay their note. On or about the 16th day of September, 1933, plaintiff's wife, in disregard of her promises and representations to plaintiff, and acting in concert with Mrs. Menke, and the defendant Lita C. Menke (sister of decedent) entered into a fraudulent scheme to compel plaintiff to pay out of his separate funds all of said moneys so borrowed and to deprive him of any interest in said real property. In furtherance of said scheme plaintiff's wife fraudulently and in disregard of her promises and representations

to plaintiff, and in violation of her agreement with plaintiff, and with the knowledge, consent and approval of her mother, executed a deed purporting to convey all of said premises to Miss Menke for a valuable consideration. In fact, Miss Menke paid no consideration for said premises and during all of the time herein mentioned had full knowledge of all of the facts, it being the intention of Mrs. Fontes, Mrs. Menke and Miss Menke to thereby attempt to place the title to said premises beyond the reach of this plaintiff. As a part of the same scheme, Mrs. Menke demanded from plaintiff the payment of the full amount of the moneys so advanced by her and thereafter commenced an action against this plaintiff to recover the full amount of principal and interest on said promissory note. Thereafter said action so brought by Mrs. Menke against this plaintiff came on regularly for trial and judgment was given against this plaintiff and in favor of Mrs. Menke for the sum of $4,300 principal, $551.82 interest, and costs of suit, and plaintiff paid the full amount of said judgment, together with interest, and costs of suit, out of his own separate funds.

When the evidence was introduced it appeared that after the deceased purchased the lot she and her husband built the house above mentioned and that the costs for labor and material amounting to $4,300 were paid by Mrs. Menke and a note for that sum was executed and delivered to Mrs. Menke; that decedent built and paid for another house on the same lot; and that plaintiff paid for some sidewalks being installed, paid the interest on the above-mentioned note, and paid the insurance and taxes prior to the time the couple separated in June, 1932. The evidence also disclosed that immediately after their marriage the plaintiff and his wife rented for $30 a month a house on Church Street. When the plan was suggested that Mrs. Menke would make the advancement above mentioned it was stated the rate of interest would be 5 per cent and that when the house was built Mr. and Mrs. Fontes would be more comfortable and the amount of interest, insurance and taxes would be less than the rental they were then paying. No evidence was introduced as to when the principal, $4,300 would be demanded, if at all, or whether in the event of the death of Mrs. Menke the deceased might inherit the above-mentioned note. There was evidence Miss Menke had no notice of the conversation above mentioned between Mr. and Mrs. Fontes.

In presenting his case on appeal plaintiff does not take any definite position. However, he does claim (1) that an express trust of and concerning the real estate was declared in his favor, or (2) that a constructive trust in that behalf was created, or (3) that the separate property of the deceased was transmuted into community property and as the surviving husband that he is entitled thereto. These different claims will be discussed in the order stated. However, at this point it should be stated the plaintiff offered no writing whatever in support of any one of his claims. His entire case rested on oral evidence and he was the sole witness who testified on the subject of the conversations had between himself and his wife. There was evidence introduced which tended to contradict him on certain material issues, and later the trial court made findings against the plaintiff.

The rights of Mrs. Menke fully accrued against this plaintiff and his wife on the date of the execution and delivery of the deed to Miss Menke. The rights and obligations of the plaintiff and his deceased wife between themselves and between them and Mrs. Menke fully accrued as of the same date. The record does not disclose that the deceased was insolvent after making the deed to her sister. It is patent that as of that date, September 16, 1933, it must be determined whether an express trust or a constructive trust arose in favor of the plaintiff. We think there is not a particle of evidence that any kind of a trust arose. (*Tully* v. *Tully,* 137 Cal. 60 [69 Pac. 700].) On September 16, 1933, Mrs. Menke had made no demand for the repayment of her loan. Under the above facts no claim to·title of any kind had arisen in favor of the plaintiff. The decedent was therefore entitled to convey the property as a part of her separate estate. Having done so new questions arose as to liability on the promissory note executed by the plaintiff and his wife to Mrs. Menke; but, the mere fact that Mrs. Menke later sued and recovered on the note, did not feed the trust theory.

The claim that the separate property of the deceased was transmuted into community property is likewise without support. That claim was an issue made by the pleadings. The evidence thereon was distinctly conflicting. The trial court made a finding in favor of the defendants. That finding is controlling in this court. From what has been said above we think it is clear the arrangement made with Mrs.

Menke was one to the effect that she would make the advancement of $4,300, carry it at 5 per cent, and instead of rentals the plaintiff and his wife would have to meet that obligation together with taxes and insurance. It may be inferred that when Mrs. Menke entered into that arrangement it was her intention to bequeath the said promissory note to her daughter. Had that event occurred it is quite clear this plaintiff would have had little or no reason to assert that the above-mentioned lot, together with all of the improvements thereon, were or had become community property. He frankly testified that he based his claim that the property was community property on the fact that, by paying the note, he paid for the improvements.

That by reason of what occurred after the death of Mrs. Fontes the plaintiff had a valid claim for at least a part of the moneys he has paid out may be conceded, but that concession does not tend to show that any kind of a trust arose in his favor or that the separate property of the deceased was in whole or in part transmuted into community property.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 20, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1939.